UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WALTER BRISTER, III<br>    AND JBH ENTERPRISES | CIVIL ACTION |
| VERSUS | NO.  14-2921 |
| WILLIAM ROMANOWSKI<br>    AND NUTRITION 53, INC. | SECTION "N"  (4) |

## ORDER & REASONS

Now before the Court is Plaintiffs' "Motion to Remand" (Rec. Doc. 5).  Defendants filed a response in opposition (Rec. Doc. 7).  Plaintiffs, upon order of the Court, filed a reply (Rec. Doc. 9).  For the reasons stated herein, **IT IS ORDERED** that Plaintiffs' "Motion to Remand" (**Rec. Doc. 5**) is **DENIED**.

**I. Background**

Plainitiffs filed the instant action in the 22nd Judicial District Court in St. Tammany Parish, Louisiana.  (Rec. Doc. 1).  Defendants removed the action on December 23, 2014.  (*Id.*).  In their petition, Plaintiffs allege breach of the parties' promissory note and personal guarantee (the "Note"), breach of contract, and quantum meruit.  The Note contains the following language, which Plaintiffs allege to require this Court to remand the action to state court: "**Governing Law:** This Note is governed by the laws of the State of Louisiana with proper venue being established in St. Tammany Parish, Louisiana."  (Rec. Doc. 5-1 at p. 3).  The parties agree on the governing law but contest whether or not this provision is sufficient to proscribe removal of the action to federal court.

**II. Law and Analysis**

Federal courts are courts of limited jurisdiction, and removal statutes are to be strictly construed.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The removing party bears the burden of establishing federal jurisdiction over the controversy at

issue. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). However, forum selection clauses are permissible and will prevent a party from removing the case if the clause is a "clear and unequivocal" waiver of the right to remove. *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (citing *McDermott Int'l, Inc. v. Lloyds Underwriters*, 944 F.2d 1199 (5th Cir.1991)). A party may waive its right to remove by "explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract." *Id.* Consent to proceed in a particular forum is not necessarily a waiver of a party's right to remove; a clear expression that the jurisdiction sought is the *exclusive* venue is required. *Id.* (emphasis added). When presented with two reasonable and conflicting interpretations of a contract term or provision, courts adopt the interpretation less favorable to the drafter. *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir.2008).

Plaintiffs assert that remand is appropriate because (1) the clause is sufficiently exclusive and (2) there is no federal court in St. Tammany Parish; therefore, the clause does not permit a federal forum located in a different Parish. (Rec. Doc. 5-2 at p. 3). To the contrary, Defendants argue that (1) there was no express waiver of their right to remove; (2) the language is not exclusive but *permissive* of jurisdiction in St. Tammany; and, in the alternative, (3) the language only applies to the claims alleged in connection with the Note, not the breach of contract or quantum meruit claims also alleged in the Petition, thereby precluding any objection to removal. (Rec. Doc. 7). Because the Court finds that the additional breach of contract and quantum meruit claims are not covered by the forum selection clause, Plaintiffs' motion for remand is **DENIED**.

Of most importance to the issues at hand is the following language contained in the Note's forum selection clause: "with proper venue being established in St. Tammany Parish, Louisiana." U.S. District Judge Lance Africk recently dealt with similar language in *Superior Labor Servs., Inc.*

2

*v. Folse Oilfield, LLC*, No. CIV.A. 13-6609, 2014 WL 793463, at *3 (E.D. La. Feb. 26, 2014).  In that case, the court was presented with the following forum selection provision: "[s]hould it be necessary to file any suit to enforce any provisions of this lease agreement, the parties stipulate **that proper forum** for such proceedings shall be by the 17th Judicial District Court, Lafourche Parish, Louisiana."  *Id.* (emphasis added).  The court found that the provision could be reasonably read as "the parties stipulate to [the] proper forum" (mandatory language) or "the parties stipulate to [a] proper forum" (permissive language).  *Id.*[1]  Thus, the clause was ambiguous.  *Id.*  Because the clause was drafted by the plaintiff in that case, the court construed the ambiguity against the plaintiff, in favor of the defendants, and declined to remand.  *Id.*

Considering the circumstances here, the Court is presented with a similar circumstance.  However, neither party has indicated to the Court who drafted the promissory note.  Without this information, the Court is unable to construe the aforementioned ambiguity against either party.  Determining the proper construction is essential to finding whether the language is sufficiently exclusive such that removal of the action was erroneous.  Accordingly, the Court declines to rule on any grounds related to the forum selection provision contained in the Note.  Regardless, the Court can to dispose of the matter because Plaintiffs have effectively waived their right to enforce the forum selection clause by incorporating claims wholly distinct and unrelated to the Note into the instant action.

The court, in *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of Louisiana*, L.L.C., No. CIV.A. 09-6270, 2010 WL 1731204, at *3 (E.D. La. Apr. 28, 2010), dealt with the

---

[1] Neither party raised this interpretation argument in their briefing.  However, Defendants cited *Superior Labor* in their opposition brief for the proposition that the forum selection language could include federal and state courts with jurisdiction over St. Tammany Parish. (Rec. Doc. 7 at p. 7).  The Court is not persuaded by this argument, but finds that the case is helpful for other reasons seen above.

identical situation to that seen here. In *Jefferson Parish*, the court found that a forum selection clause contained in one contract could not be expanded to bar removal of claims that were asserted in the same action but derived from a second, distinct contract. *Id.* at *3 (relying on the holding in *RK Dixon Co. v. Dealer Marketing Services, Inc.*, 284 F.Supp.2d 1204 (S.D.Iowa 2003)). The court further found that where federal jurisdiction was predicated on diversity of citizenship, as opposed to federal question jurisdiction, partial remand of the action was prohibited. *Id.* (citing *RK Dixon Co.*, 284 F.Supp.2d at 1212 (citing *Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp.*, 43 F.Supp.2d 734, 743-44 (E.D.Tex.1999))). Therefore, the plaintiff effectively waived its right to enforce the forum selection clause when it combined claims that were not governed by that provision. *Id.*

Similarly, this Court finds that Plaintiffs, by combining claims that arise under the Note with claims originating under the Commission Agreement and the theory of quantum meruit into the instant action, have made the *entire* action removable. Notably, Plaintiffs do not contest diversity of citizenship, nor do they assert any default in Defendants' removal proceeding other than the forum selection provision discussed herein. Thus, the action was properly removed by Defendants.

### III. Conclusion

For the reasons stated, **IT IS ORDERED** that Plaintiffs' Motion to Remand is hereby **DENIED.**

New Orleans, Louisiana, this 30th day of April 2015.

_____
**KURT D. ENGELHARDT**
**United States District Judge**